UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL G. PETERSON,

                Plaintiff,

     v.

MULTNOMAH COUNTY SHERIFF'S
DEPARTMENT, "JAIL DIVISION,"

                Defendants.

Case No. 3:25-cv-01099-AR

**FINDINGS AND
RECOMMENDATION**

_____

**ARMISTEAD, United States Magistrate Judge**

      Plaintiff Michael G. Peterson, representing himself, is in the custody of Multnomah County Sheriff's Office (MCSO) and housed at Multnomah County Detention Center (MCDC) for pretrial detention. He alleges that, in June 2024, MCDC staff failed to return his legal papers and threw them away. Peterson asserts claims under 42 U.S.C. § 1983 alleging violations of his right to access the courts and to due process, and he brings a claim for negligence under state law.

Before the court is MCSO's motion to dismiss. (Def.'s Mot. Dismiss (Mot.), ECF No. 3.) MCSO argues that this case should be dismissed under the doctrine of claim splitting because "the same claim is before the federal court in the matter of *Peterson v. Sheriff Nicole Morrissey O'Donnell*, Civil No. 3:25-cv-00418-AR [(*Peterson I*)]." (*Id.* at 1.) Because the court concludes that the two lawsuits do not assert the same claims, defendant's motion to dismiss should be DENIED.

## BACKGROUND

On January 17, 2025, Peterson filed this lawsuit in Multnomah County Circuit Court. (Compl., ECF No. 1.) On June 27, 2025, MCSO removed the case from state court to this court. (*Id.*) Peterson alleges in his complaint that the following events happened while he was being held at MCDC: On June 7, 2024, Peterson was working on his criminal case as a self-represented defendant and "gave legal documents (written motions & notes) to have copies made, under the understanding [he] would get them back [the] same day." (*Id.* at 9.) "Thru [sic] investigation," however, "staff found that officers had read [the legal documents] and thru [sic] them away." (*Id.*) Peterson alleges that an MCDC counselor and two deputies were involved in the incident, and that the "destruction of [his] legal work . . . has made [him] mentally shut down" and "no longer able to represent [him]self." (*Id.* at 8-9.) Peterson alleges that he was denied "access to the courts and due process" and seeks damages for the "time and effort" he put into his discarded documents and to compensate him for the "emotional distress and the impact [the incident] had on [his] legal situation." (*Id.* at 9.)

/ / / / /

/ / / / /

Page 2 – FINDINGS AND RECOMMENDATION
*Peterson v. Multnomah County*, 3:25-cv-01099-AR

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on either the "lack of a cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Goldingay v. Progressive Cas. Ins. Co.*, 306 F. Supp. 3d 1259, 1263 (9th Cir. 2018) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (1988)). To survive a motion to dismiss under a cognizable legal theory, a complaint "must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

The complaint "may not simply recite the elements of a cause of action;" instead, it must contain "sufficient allegations of underlying *facts* to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis added); *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In evaluating the sufficiency of a complaint, the court

accepts as true all well-pleaded factual allegations and construes them in the light most favorable

to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

The court need not, however, credit a plaintiff's legal conclusions that are couched as factual

allegations. *Iqbal*, 556 U.S. at 678-79.

## DISCUSSION

MCSO argues that Peterson's claims must be dismissed under the doctrine of claim

splitting because they duplicate the claims that he asserted in *Peterson I*. (Mot. at 1.) Peterson

argues that this cause of action is different from *Peterson I*. (Resp. Mot. (Resp.), ECF No. 7.)

The court agrees with Peterson.

### A.    *Claim Splitting*

Claim splitting is "'a subspecies of the doctrine of claim preclusion.'" *Kokusai

Semiconductor Equip. Corp. v. ASM Int'l, N.V.*, No. 3:18-cv-00323-AC, 2019 WL 1281290, at *6

(D. Or. Jan. 25, 2019), *findings and recommendation adopted*, 2019 WL 1281228 (D. Or. Mar.

20, 2019) (citation omitted). The rule against claim splitting is rooted in the district court's broad

discretion to control its own docket as well as the court's interests in judicial economy and

efficiency. The idea is to prevent the same plaintiff from filing multiple suits alleging the same

claims against the same defendant when one suit will do. *See Adams v. Cal. Dep't of Health

Servs.*, 487 F.3d 684, 692-93 (9th Cir. 2007). To determine whether two causes of action are the

same, courts "use the transaction test, developed in the context of claim preclusion." *Id*. at 689.

In applying the transaction test, courts examine four criteria: "'(1) whether rights or interests

established in the prior judgment would be destroyed or impaired by prosecution of the second

action; (2) whether substantially the same evidence is presented in the two actions; (3) whether

Page 4 – FINDINGS AND RECOMMENDATION
*Peterson v. Multnomah County*, 3:25-cv-01099-AR

the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Id*. (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). "'The last of these criteria is the most important.'" *Id*. (citing *Costantini*, 681 F.2d at 1202).

  This case and *Peterson I* do not "arise out of the same transactional nucleus of facts." *Id*. Here, Peterson alleges that an MCDC counselor and two deputies threw away his legal documents, and he asserts violations of his rights under the First, Fifth, Eighth, and Fourteenth Amendments. (Compl. at 7.) In *Peterson I*, the complaint refers to Peterson's legal papers being thrown away, but the gravamen of the complaint is Peterson's allegation that MCSO transferred him into a segregated unit of MCDC "for 83 days with no notice/hearing of why[.]" (Compl. at 3, *Peterson I*, Civil No. 3:25-cv-00418-AR, ECF No. 1.) There, Peterson claims that his unlawful transfer into segregation violated his right to due process and that "th[e] transfer and lack of due process brought [him] great hardship and emotional distress." (*Id.*) Peterson seeks "$200 a-day for the 83 days [he] was denied [his] due process rights[,]" plus additional damages for "unlawful detention" and "emotional distress". (*Id*. at 5.)

  Peterson acknowledges that the complaint in *Peterson I* mentions that, "while [Peterson] was . . . being restricted [in segregation] for no reason, the staff also threw away [his] legal paperwork[.]" (*Id*. at 4.) Peterson explains that, although he "state[d] what happened [to his legal papers] . . . that was not the claim itself." (Resp. at 1.) He further clarifies that "this case"—referring to the present action involving his legal papers—"was filed in the state court before the other [case, *Peterson I*.]" (*Id.*)

Page 5 – FINDINGS AND RECOMMENDATION
*Peterson v. Multnomah County*, 3:25-cv-01099-AR

Peterson's explanation makes sense and demonstrates that the claims in this case and in *Peterson I* did not "arise out of the same transactional nucleus of facts." *Adams*, 487 F.3d at 689. Although the complaint in *Peterson I* mentions the legal papers incident that gave rise to this lawsuit, the claims in *Peterson I* are based on MCSO staff allegedly placing him in a segregated unit without notice, a hearing, or any explanation. Thus, the doctrine of claim splitting does not bar Peterson's claims in this case.

## CONCLUSION

For the above reasons, MCSO's motion to dismiss (ECF No. 3) should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due within fourteen days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: September 26, 2025.

_____
JEFF ARMISTEAD
United States Magistrate Judge