IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL G. PETERSON**, | Case No. 3:25-cv-1099-AR |
| Plaintiff, | **ORDER** |
| v. | |
| **MULTNOMAH COUNTY SHERIFF'S DEPARTMENT JAIL DIVISION**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Michael G. Peterson is in the custody of Defendant Multnomah County Sheriff's Department Jail Division ("MCSD"). Peterson is representing himself in this suit and in a separate action against Sherriff Nichole Morrissey O'Donnell, Case No. 3:25-cv-418-AR. Peterson alleges that, while being held at the Multnomah County Detention Center for pretrial detention, MCSD staff discarded Peterson's motions and legal notes for his lawsuit against Sherriff Morrissey O'Donnell. Here, Peterson asserts claims under 42 U.S.C. § 1983 alleging violations of his right to access the courts and to due process, as well as a state-law claim of negligence. MCSD moves to dismiss the Complaint on the basis of claim splitting, arguing that this lawsuit is duplicative of Peterson's suit against Sherriff Morrisey O'Donnell. Magistrate

PAGE 1 – ORDER

Judge Jeff Armistead issued Findings and Recommendation in this case on September 26, 2025. Judge Armistead recommended that this Court deny Defendant's Motion to Dismiss. No party objects.[1]

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

---

[1] On October 1, 2025, Defendant emailed the Courtroom Deputy and stated that it had no objection to Judge Armistead's Findings and Recommendation.

PAGE 2 – ORDER

No party having made objections, the Court follows the recommendation of the Advisory Committee and reviews Judge Armistead's Findings and Recommendation for clear error on the face of the record. No such error is apparent.

The Court therefore ADOPTS Judge Armistead's Findings and Recommendation, ECF 11. Defendant's Motion to Dismiss, ECF 3, is DENIED.

**IT IS SO ORDERED.**

DATED this 6th day of October, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER